IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. COCHRAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:10-0865 |
| vs. | ) |
| | ) Judge Haynes/Bryant |
| WILLIAM CARTER, KAYLA D. HILLSTROM, and LUCRETIA K. BURNETT, | ) JURY DEMAND |
| Defendants. | ) |

## ~~REVISED JOINT PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

**I. Jurisdiction and Venue**

Jurisdiction in this mater is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (a)(1). The amount in controversy as sought by Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Venue of this mater is controlled by 28 U.S.C. § 1391 (a) and (c).

**II. Parties' Theories of the Case**

A. Plaintiff's Theory of the Case: On September 21, 2009 the Plaintiff was injured in an automobile accident while traveling on Highway I-24 in Rutherford County, Tennessee. Due to the negligence of William Carter, his vehicle was struck, which caused Defendants Kayla D. Hillstrom and/or Lucretia K. Burnett to strike the Plaintiff's vehicle causing him further injuries.

B. Defendant William Carter's Theory of the Case: Defendant contests liability, having affirmatively asserted that, if proven applicable through investigation and discovery, Plaintiff, Kayla D. Hillstrom, and Lucretia K. Burnett failed to exercise ordinary care and

were negligent in their own actions, and that said negligence proximately caused and/or contributed to Plaintiff's alleged damages. Defendant has also affirmatively asserted that he was faced with a sudden or unexpected emergency that was not caused by any fault of his own, and that the accident at issue in this lawsuit was unavoidable and was the result of an unforeseen and unforeseeable condition. Finally, Defendant also contests the nature and extent of Plaintiff's alleged injuries and damages.

**III. Schedule of Pretrial Proceedings**

    A.    <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

    B.    <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.    <u>Other Pretrial Discovery Matters</u>

As determined at the case management conference on November 29, 2010, this action is set for a jury trial on December 6, 2011, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon on December 2, 2011. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held November 21, 2011, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on June 1, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by April 1, 2011. All discovery related motions shall be filed by the close of business on July 1, 2011. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on July 15, 2011, and any response thereto shall be filed by the close of business on August 5, 2011. Any reply shall be filed by the close of business on August 19, 2011.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on April 1, 2011, Plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on May 1, 2011, the defendants shall declare to Plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on July 1, 2011. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert

4

expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ Timothy A. Glut
Timothy A. Glut (TN Bar No. 018001)
FARRIS MATHEWS BOBANGO, P.L.C.
618 Church Street, Suite 300
Nashville, TN 37219
(615) 726-1200
(615) 726-1776 facsimile
tglut@farrismathews.com

Attorney for Defendant William Carter