IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. COCHRAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:10-0865 |
| | ) |
| vs. | ) Judge Haynes/Bryant |
| | ) |
| WILLIAM CARTER, KAYLA D. HILLSTROM and LUCRETIA K. BURNETT, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

**REVISED JOINT ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER**

**I. Jurisdiction and Venue**

Jurisdiction in this mater is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (a)(1). The amount in controversy as sought by Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Venue of this mater is controlled by 28 U.S.C. § 1391 (a) and (c).

**II. Parties' Theories of the Case**

A. Plaintiff's Theory of the Case: On September 21, 2009 the Plaintiff was injured in an automobile accident while traveling on Highway I-24 in Rutherford County, Tennessee. Due to the negligence of William Carter, his vehicle was struck, which caused Defendants Kayla D. Hillstrom and/or Lucretia K. Burnett, to strike the Plaintiff's vehicle causing him further injuries.

B. Defendant Carter's Theory of the Case: Defendant contests liability, having affirmatively asserted that, if proven applicable through investigation and discovery, Plaintiff, Kayla D. Hillstrom, and Lucretia K. Burnett failed to exercise ordinary care and were negligent in their own actions, and that said negligence proximately caused and/or contributed to Plaintiff's

alleged damages. Defendant has also affirmatively asserted that he was faced with a sudden or unexpected emergency that was not caused by any fault of his own, and that the accident at issue in this lawsuit was unavoidable and was the result of an unforeseen and unforeseeable condition. Finally, Defendant also contests the nature and extent of Plaintiff's alleged injuries and damages.

    C. Defendant Hillstrom's theory of the case: Defendant Hillstrom alleges that all damages are as a result of the collision between Carter and Cochran and therefore she would not be liable. Additionally, there would've been no second collision but for the negligence of the original Plaintiff and Defendant in this action. Further, Hillstrom reserves allegations of negligence against Defendant Burnett until after the party depositions.

    D. Defendant Burnett's theory of the case: This defendant contests liability. As this defendant slowed for an accident involving plaintiff Steven L. Cochran and co-defendant William Carter, her vehicle was struck from behind by the co-defendant Kayla K. Hillstrom. This defendant made no contact with any other vehicles involved in this accident. Therefore, this defendant denies liability to the plaintiff and denies any negligent act or omission which proximately caused the accident at issue or any damages claimed by the plaintiff.

**III. Schedule of Pretrial Proceedings**

    A.    <u>Rule 26(a)(1) Disclosure</u>

The parties have made their Rule 26(a)(1)(A) through (E) disclosures.

    B.    <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of

that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.      Other Pretrial Discovery Matters

As determined at the case management conference or _____, this action is set for a jury trial on **July 17, 2012** at **9:00 a.m**. If this action is to be settled, the Law Clerk shall be notified by noon on **July 13, 2012**. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **June 22, 2012** at **3:00 p.m**. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on December 30, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by October 30, 2011. All discovery related motions shall be filed by the close of business on January 30, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on February 15, 2012, and any response thereto shall be filed by the close of business on March 15, 2012. Any reply shall be filed by the close of business on April 15, 2012.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on October 1, 2011, Plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on November 1, 2011, the defendants shall declare to Plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on December 1, 2011. There shall not be any rebuttal expert witnesses.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

BY: /s/ Michael H. Johnson_____
Michael H. Johnson (13570)
HOWARD, TATE, SOWELL, WILSON, LEATHERS & JOHNSON PLLC
150 Second Avenue, North, Suite 201
Nashville, Tennessee 37201
mjohnson@howardtatel.com
(615) 256-1125
(615) 244-5467 facsimile
*Attorney for Defendant Kayla Hillstrom*


BY: /s/ C. Benton Patton _____
C. Benton Patton (15603)
LEVAN, SPRADER, PATTON & McCASKILL
150 Fourth Avenue, North, Suite 1020
Nashville, Tennessee 37219
(615) 843-0300
(615) 843-0310 facsimile
bpatton@lsplaw.net
*Attorney for Defendant Lucretia Burnett*


BY: /s/ Timothy A. Glut
Timothy A. Glut (TN Bar No. 018001)
FARRIS MATHEWS BOBANGO, P.L.C.
618 Church Street, Suite 300
Nashville, TN 37219
(615) 726-1200
(615) 726-1776 facsimile
tglut@farrismathews.com
*Attorney for Defendant Carter*



BY:/s/ David A. McLaughlin
David A. McLaughlin (TN Bar No. 015561)
MORGAN & MORGAN MEMPHIS, LLC
40 S. Main St., Suite 2600
Memphis, TN 38103
(901) 217-7000
(901) 333-1897 facsimile
dmclaughlin@forthepeople.com
*Attorney for Plaintiff*